## WILSON VS. MUNRO.

Where an owner had paid a contractor in full for erecting a building which had not been completed, a promise by the owner to pay the men if they would complete the work is not void as a promise to pay another's debt.

Error to the Common Pleas No. 4 of Philadelphia County, No. 138 July Term, 1883.

This was an action on the case for slating work done in the erection of the Kansas and Colorado Buildings at Ocean Beach, N. J. David H. Wilson, the plaintiff in error, and Thomas Kennedy, who was not sued, bought as partners, in 1876, the structures on the grounds of the Centennial Exposition at Philadelphia, known as the Kansas and Colorado Buildings. In 1877 they contracted with Hutchinson to take up and remove the buildings and reconstruct them for a summer boarding house at Ocean Beach, N. J. The contract and specifications comprises all the work to be done upon the buildings, to put them in complete order, including the roofing and slating, and all improvements incident to them. The price agreed upon was $11,000, to be paid in proportions as the work progressed. Hutchinson was paid largely in excess of this sum for the work. He made a special contract for various portions of the work, and that for the slating was given to Munro, the defendant in error. Wilson had previously told Munro in answer to an inquiry whether he, Wilson, would be responsible, that whoever took any contract must look to the contractor, he had nothing to do with it. In April, 1877, Munro began work and ended before the close of that month. He testifies that he did $50 worth of work for Hutchinson, and went to Wilson and said, "there is quite a deal of trouble about the money," and "he did not propose to do work for Hutchinson. The men were complaining about the wages, and if he would promise to pay him he would do the work." He, Wilson, said, "that the house ought to be ready by May 10, and if I kept it back it would make trouble. Go ahead and do the work and I'll pay. When done I asked Wilson for a few hundred dollars. He asked why I did not go to Hutchinson. I told him I was depending on him for the money. I finally to satisfy him did go to see Hutchinson, and I got from him an order on Wilson to pay. Wilson said it was not

worth the paper it was written on. Possession was nine-tenths of the law, and he would never pay it." Munro afterwards received from Hutchinson an order on Kennedy and Wilson for ⅔ of the work, the order being written and handed to Munro. About May, 1, 1877, Hutchinson failed. Munro testified that he told Kennedy about the 1st of May that Wilson had promised to pay him. The plaintiff in error moved for a non suit. The charge of the Court was as follows :

This is an action brought for slating work done in the erecttion of the Kansas and Colorado Buildings at Ocean Beach, New Jersey. The contract for the erection was with one Hutchinson ; the sub-contract for slating was with the plaintiff, Munro. As the matter then stood Hutchinson was responsible to Munro for the work under his contract; but, Munro says, finding Hutchinson unreliable, he stopped the work and saw Wilson, who grew violent, but said, "go on and do the work and I will pay you." Up to that time there had had been fifty dollars' worth of work done and he could not recover for that. [If you find that Wilson made the promise, "Go ahead and do the work and I will pay you for it," a new contract was created between Wilson and Munro, and Hutchinson's contract ceased to have anyt_ing further to do with Munro or his work.] It is denied point-blank by Wilson. [But it is for you to say which party is corroborated.] I do not mean to interfere with your province by going over the facts ; it is your duty pre-eminently to determine the case on the facts, and as to these you are to decide. The testimony is directly conflicting ; one party must have testified to what is false ; it is for you to determine which. [If Munro told the truth he is entitled to the money he seeks to recover.] If you believe Wilson that is an end of the case. It is your sole duty to decide the question on the facts in evidence before you.

[There is another point : If you find that the promise was made by Wilson, but that the work was not a workmanlike job; if you find that the quality and kind of the workmanship were not good and workmanlike, you are entitled to deduct for that from the amount claimed.]

There is a charge made upon the testimony of Kennedy against Munro of attempting to suborn a witness. It charges a very serious thing. But you should take into consideration the fact that the witness was known to the defendant, under his control, and that he procured him work out of the jurisdiction, and there is no evidence of any attempt or effort to take his testimony. [If such an attempt was made by him, it goes to the extent of attacking the credibility of Munro.]

I have been requested by the defendant's counsel to charge you upon the following point, namely: "First—The plaintiff's own evidence shows that he had made a contract with one Hutchinson to do the work for which he now sues, and that he began work under that contract. There is no sufficient evidence that the original contract was ever rescinded and a new contract with Wilson substituted, and any promise by Wilson to pay the debt is, therefore, not enforceable at law, and the verdict must be for the defendant."

[I decline to say so to you as a question of law, and leave the case upon the facts.]

Verdict for plaintiff for $981.12.

Wilson then took a writ of error, complaining of the portions of the charge of the Court in brackets.

*W. H. Ruddiman, Esq.*, argued that the alleged promise by Wilson to Munro was a promise to pay the debt of Hutchinson and was invalid; Eshleman vs. Harnish, 76 Penna., 97; Haverly vs. Mercur, 78 Penna., 257. Evidence to prove a change of relations, so as to take the case out of the statute of frauds must be clear and indubitable; Townsend vs. Long, 77 Penna., 143; Maule vs. Bucknell, 50 Penna., 39.

*John G. Johnson, Esq.*, argued that a recovery upon promise made by the owner of a building to pay workmen for work thereon, to be done thereafter, is not barred because said workmen had agreed to do it for a prior insolvent contractor, for whom they had refused further to work; Jefferson County vs. Slagle, 66 Penna., 202; Weyand vs. Crichfield, 3 Gr., 113 Warnick vs. Grosholz, 3 Gr., 234.

The Supreme Court affirmed the judgment of the Court below on April 7, 1884, in the following opinion,

PER CURIAM:

The evidence was ample to submit to the jury to find whether the work was done under the contract with the plaintiff in error. The jury have found that it was done under the new contract with him and not under a prior contract with Hutchinson. Such being the case, the rule making invalid a promise to pay the debt of another does not apply. It was the debt of the plaintiff in error and we see no error in the manner the case was submitted to the jury.

Judgment affirmed.